IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
_____

AMS BAKER,

                    Plaintiff,

                                        5:12-CV-1836 (LEK/DEP)

  v.

SALVATION ARMY, *et al.*,

                    Defendants.
_____

APPEARANCES:

AMS BAKER
Plaintiff, *pro se*
100 Dyer Court, Apartment F
Syracuse, New York 13210

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION, and ORDER

I.    BACKGROUND

*Pro se* plaintiff Ams Baker has commenced this employment discrimination action against the Salvation Army and an individual identified as Linda Corp. Dkt. No. 1. Prior to commencing this action, plaintiff alleges that he received notice of his right to file suit from the Equal Employment Opportunity Commission ("EEOC") on or about September

19, 2012.[1]  Dkt. No. 1 at 4.  Plaintiff has not paid the filing fee for this action, and requests leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 2.

II. BACKGROUND

Plaintiff's complaint alleges that he was employed by defendant Salvation Army on or about December 9, 2011.  Dkt. No. 1 at 6.  During the week of December 19, 2011, plaintiff alleges that he was fired by defendants for, *inter alia*, taking a fifteen-minute break and a thirty-minute lunch break at the same time.  *Id.*  Plaintiff also alleges that a white female co-worker also took her break and lunch at the same time, and she was not fired.  *Id.*  Plaintiff is a black male.  *Id.*  Finally, plaintiff's complaint alleges that defendant Corp referred to plaintiff as "boy," which plaintiff construed as a racial slur.  *Id.* at 7.  As a result of these allegations, plaintiff has asserted an employment discrimination claim pursuant to Title VII against defendants.  *Id.* at 3.  For a more complete statement of plaintiff's claims and the allegations giving rise to those claims, reference is made to plaintiff's complaint in its entirety.  *See generally* Dkt. No. 1.

---

[1] Although plaintiff's form complaint instructed him to attach a copy of the EEOC letter, plaintiff failed to do so.  *See generally* Dkt. No. 1.

III. DISCUSSION

A. IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $350, must ordinarily be paid. 28 U.S.C. §§ 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[2] In this instance, because I conclude that plaintiff meets the requirements for IFP status, his application for leave to proceed IFP is granted.[3]

---

[2] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3] Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

B. Sufficiency of Plaintiff's Complaint

1. Legal Standard

Because I have found that plaintiff Baker meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See*,

*e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").[4]

When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure

---

[4] Copies of all unreported decisions cited in this document have been appended for the convenience of the *pro se* plaintiff.

provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of  Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (internal quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. (citing *Twombly*, 550 U.S. at 555).  Thus, "where the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### 2. Plaintiff's Employment Discrimination Claim

Employment discrimination claims are subject to the legal standards set forth in *Twombly* and *Iqbal*. *See Iqbal*, 556 U.S. at 684 ("Though *Twombly* determined the sufficiency of a complaint sounding in antitrust, the decision . . . expounded the pleading standard for all civil actions, and it applies to antitrust and discrimination suits alike." (internal quotation marks and citations omitted)). Although "an employment discrimination plaintiff need not plead a prima face case of discrimination," the pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-15 (2002); *see also Chang v. City of New York*, No. 11-CV-7062, 2012 WL 1188427, at *3-4 (S.D.N.Y. Apr. 10, 2012).

Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation,

terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]"  42 U.S.C. § 2000e-2(a)(1).  "In the context of an alleged discriminatory discharge, a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination."  *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491-92 (2d Cir. 2010) (citing *Holcomb v. Iona College*, 521 F.3d 130, 138 (2d Cir. 2008)).

    Here, plaintiff's complaint asserts a single cause of action relating to his employment alleging discrimination based upon his race.  *See generally* Dkt. No. 1.  Without making any finding as to the merits of plaintiff's claim against defendant Salvation Army, or whether they would survive a motion to dismiss, the court concludes that plaintiff's complaint has alleged sufficient facts to survive the court's initial review pursuant to section 1915(e).  As it relate to plaintiff's discrimination claim asserted against defendant Corp, however, plaintiff's complaint fails to state a claim upon which relief may be granted because individual liability does not lie under Title VII.  *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir.

1995) ("[W]e hold that an employer's agent may not be held individually liable under Title VII."). For these reasons, I recommend that plaintiff's claim against defendant Corp be dismissed, but that plaintiff be permitted to proceed against defendant Salvation Army.

    C.    <u>Whether To Permit Amendment</u>

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend *at least* once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires"); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (granting leave to amend is appropriate "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."); *Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead granted where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). However, an opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will

9

not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.").

In this instance, the deficiency identified with plaintiff's employment discrimination claim against defendant Corp is substantive in nature, and extends beyond the mere sufficiency of plaintiff's allegations. Accordingly, because any proposed amendment of that claim offered by plaintiff would be futile, I recommend against granting him leave to amend.

III. CONCLUSION

For the reasons set forth above, I conclude that the plaintiff has demonstrated that his financial circumstances justify granting him IFP status. Additionally, upon conducting the required review under 28 U.S.C.

§ 1915(e)(2)(b), I have determined that the employment discrimination claim set forth in plaintiff's complaint may proceed against defendant Salvation Army, but not as to defendant Linda Corp.

WHEREFORE, it is hereby

ORDERED that plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED; and it is further respectfully

RECOMMENDED that plaintiff's claims asserted against defendant Linda Corp be DISMISSED, without leave to replead; and it is further

ORDERED, in the event this recommendation is adopted, as follows:

(1) The clerk shall issue a summons and forward it, along with a copy of the complaint and a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, to the United States Marshal for service upon the defendant;

(2) A formal response to the complaint shall be filed by the defendants or its counsel as provided for in the Federal Rules of Civil Procedure subsequent to service of process on the defendant;

(3) The clerk is directed to schedule a Rule 16 conference before me, as the assigned magistrate judge;

(4) Any paper sent by a party to the court or the clerk shall be

accompanied by a certificate setting forth the date a true and correct copy of it was mailed to all opposing parties or their counsel.  **Any letter or other document received by the clerk or the court which does not include a certificate of service which clearly states that an identical copy was served upon all opposing parties or their attorneys is to be returned, without processing, by the clerk.**  Plaintiff shall also comply with any requests by the clerk's office for any documents that are necessary to maintain this action;

(5)  All motions shall comply with the Local Rules of Practice of the Northern District;

(6)  The clerk shall serve a copy of this decision and order and General Order 25 on plaintiff in accordance with the Local Rules.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

Dated: April 22, 2013
Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge